# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# (GREENSBORO DIVISION)

| | |
|---|---|
| JACKIE BRASWELL, JUDY BRASWELL, HAROLD COLLINS, BONNIE COLLINS Individually and as Executor of the Estate of HOMER WADE YARBROUGH, HAYMON HICKS, PENNY HICKS, GINA MYERS SHAW, JAMES SLONE, DEBBIE SLONE, JERRY SMITH, KAREN SMITH, PAMELA LOVELESS, KATHY MILLER, JOEY SMITH, and SHANIA SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>COLONIAL PIPELINE COMPANY, and APEX COMPANIES, LLC,<br><br>Defendants. | Case No. 1:18-CV-580 |

## NOTICE OF REMOVAL

Defendant Colonial Pipeline Company ("Colonial"), by its attorneys and pursuant to 28 U.S.C. § 1441, *et seq.*, files this Notice of Removal of the action captioned as *Jackie Braswell, et al. v. Colonial Pipeline Company, et al.*, Case No. 18-CVS-5537 from the Superior Court of Guilford County, North Carolina to the United States District Court for the Middle District of North Carolina. Defendant Apex Companies, LLC ("Apex") consents to the removal of this action. *See* Exhibit A, attached hereto. This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a) because complete diversity

of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interests and costs.

## BACKGROUND

1. Plaintiffs commenced this action in the Superior Court of Guilford County, North Carolina on May 25, 2018 by filing a complaint ("Complaint"). Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders filed in the Superior Court of Guilford County, North Carolina to date are attached to this Notice of Removal as Exhibit B.

2. Colonial's registered agent was served with the Complaint on May 31, 2018. A true and accurate copy of proof of service on Colonial is attached as Exhibit C.

3. Under 28 U.S.C. § 1441(a) "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the division embracing the place where such action is pending."

4. Colonial files this Notice of Removal within thirty (30) days of being served with the Complaint.

5. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all properly joined Defendants consent to removal. *See* Ex. A.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 113(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). The United States District Court for the Middle District of North

Carolina is the federal judicial district embracing the Superior Court of Guilford County, North Carolina, where this suit was originally filed. Removal to this District is therefore proper under 28 U.S.C. §§ 113(b) and 1441(a).

7. Defendants hereby give written notice to Plaintiffs of the filing of this Notice of Removal, and will promptly file a copy of this Notice with the Clerk of the Superior Court of Guilford County, North Carolina, where the action was originally filed, in accordance with 28 U.S.C. § 1446(d), and serve Plaintiffs' counsel with a true and correct copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

**DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)**

8. A defendant who removes an action to federal court must provide a "short and plain" statement explaining the grounds for removal. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014). "A statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee*, 135 S.Ct. at 551.

9. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Plaintiffs and Defendants are Citizens of Different States.**

10. Complete diversity exists between Plaintiffs and Defendants.

11. Plaintiffs reside in the State of North Carolina. *See* Ex. B, Compl. ¶ 2. "Ordinarily an individual's citizenship will be determined by his place of residence."

*Sligh v. Doe*, 596 F.2d 1169, 1171, n.5 (4th Cir. 1979) (citation omitted). Accordingly, Plaintiffs are presumed to be domiciled in—and therefore citizens of—North Carolina.

12. Neither Defendant is a citizen of the State of North Carolina.

13. Colonial is a Delaware corporation with its principal place of business in Alpharetta, Georgia. Ex. B, Compl. ¶ 28. Colonial is therefore a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1). Colonial is also incorporated in Virginia and is therefore also a citizen of Virginia. *See id.*

14. The Complaint incorrectly asserts that Apex is a Delaware corporation. *See* Ex. B, Compl. ¶ 29. Apex is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citation omitted).

15. Apex has two members: TW Apex, Inc. and TW Apex Holdings, LLC. Exhibit D, attached hereto (Affidavit of Matthew Hardesty).

16. TW Apex, Inc. is a Delaware corporation with a principal place of business in Maryland. *Id.* TW Apex, Inc. therefore is not a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1).

17. TW Apex Holdings, LLC is a limited liability company. Ex. D. None of TW Apex Holdings, LLC's members are citizens of North Carolina. *Id.* TW Apex Holdings, LLC is therefore is not a citizen of North Carolina. *See Mountain State Carbon*, 636 F.3d at 103.

## B. The Amount in Controversy Requirement Is Met.

18. The amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and thus is met in this action. *See* 28 U.S.C. § 1332. "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." *Scott v. Cricket Comm., LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (internal quotation marks and citation omitted).

19. Compensatory damages, punitive damages, and declaratory and injunctive relief are at issue in this litigation.[1] *See* Ex. B, Compl. at pp. 36-37.

20. Plaintiffs seek compensatory damages for alleged damages to "their properties and to the natural resources of the environment in and around the[ir] properties, causing . . . loss of use and enjoyment of their property, loss of quality of life, significant contamination, and other harm and damages." *See* Ex. B, Compl. ¶ 3. For ***each*** of the five causes of action that seek monetary damages, Plaintiffs claim that they are entitled to "in excess of $25,000." *Id.* ¶¶ 146, 153, 158, 167, 174, 182, 184. On the face of the Complaint, Plaintiffs seek an aggregate amount of at least $125,000 in compensatory damages. Therefore, Plaintiffs' alleged compensatory damages alone satisfy the amount in controversy requirement.

---

[1] Colonial denies that Plaintiffs are entitled to the damages and relief sought in their Complaint and submits this Notice without waiving any defense to the same.

5

21. Plaintiffs also seek "punitive damages in an amount to be determined at trial." *Id.* ¶ 182; *see* N.C. Gen. Stat. § 1D–25. "The total amount in controversy includes any punitive damages." *Williams v. Meyer*, No. 1:06CV00238, 2006 WL 2569089, at *1 (M.D.N.C. Aug. 30, 2006) (citing *Saval v. BL. Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983)).

22. Plaintiffs further seek declaratory relief and an injunction that requires Colonial to, among other things, "repair and replace [the allegedly] damaged pipeline to prevent further releases, and take forceful and affirmative steps to remedy the [alleged] existing environmental contamination." Ex. B, Compl. ¶ 184. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

23. In sum, from the scope of Plaintiffs' claims, the breadth of the alleged damages asserted, and the extraordinary injunctive relief requested, it is clear on the face of the Complaint that at the time of this removal, Plaintiffs' claims exceed $75,000.

## CONCLUSION

For the foregoing reasons, the present lawsuit may be removed from the Superior Court of Guilford County, North Carolina, and brought before the United States District Court for the Middle District of North Carolina pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted this 29th day of June, 2018.

        ALSTON & BIRD LLP

        /s/ Michael A. Kaeding
        Michael A. Kaeding
        North Carolina Bar No. 47433
        Kelsey L. Kingsbery
        North Carolina Bar No. 51736
        555 Fayetteville Street, Suite 600
        Raleigh, North Carolina 27601
        Tel: (919) 862-2200
        Fax: (919) 862-2260
        mike.kaeding@alston.com
        kelsey.kingsbery@alston.com

        -and-

        Meaghan G. Boyd
        Georgia Bar No. 142521
            *Appearing Pursuant to LR 83.1(d)*
        One Atlantic Center
        1201 West Peachtree Street, Suite 4900
        Atlanta, Georgia 30309
        Tel: (404) 881-7000
        Fax: (404) 253-8510
        meaghan.boyd@alston.com

        *Attorneys for Defendant Colonial Pipeline Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document has been sent via first class postage in the United States Mail to the following non-CM/ECF participant, addressed as follows:

>Mona Lisa Wallace
>Kayleigh Lynn Messersmith
>Wallace and Graham, P.A.
>525 North Main Street
>Salisbury, NC 28144
>Attorneys for Plaintiffs
>
>William W. Pollock
>Ragsdale Liggett PLLC
>P.O. Box 31507
>Raleigh, NC 27622
>Attorney for Defendant Apex Companies, LLC

>/s/ Michael A. Kaeding
>Michael A. Kaeding
>ALSTON & BIRD LLP
>North Carolina Bar No. 47433
>555 Fayetteville Street, Suite 600
>Raleigh, North Carolina 27601
>Tel: (919) 862-2200
>Fax: (919) 862-2260
>mike.kaeding@alston.com

8

Case 1:18-cv-00580-NCT-JLW   Document 1   Filed 06/29/18   Page 8 of 8